UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BILLIE BURNSED,**

    **Plaintiff,**

-vs-              Case No.  6:11-cv-1818-Orl-19DAB

**ORANGE PLAZA PROPERTIES, INC.,**

    **Defendant.**

## ORDER

This case comes before the Court on The Suggestion of Death of Plaintiff Billie Burnsed filed by Attorney Barbara R. Joyner, Esq. (Doc. No. 36, filed Oct. 1, 2012), The Response to Plaintiff's Suggestion of Death filed by Defendant Orange Plaza Properties, Inc. (Doc. No. 37, filed Nov. 30, 2012), and The Order directing Plaintiff to respond to Defendant's Response to the Suggestion of Death (Doc. No. 38, filed Dec. 3, 2012).

Plaintiff Billie Burnsed ("Plaintiff") initiated this action against Defendant Orange Plaza Properties, Inc. ("Defendant") on November 16, 2011.  (Doc. No. 1.)  Plaintiff seeks a declaratory judgment, injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act ("ADA") and the Florida Accessibility Code ("FAC").  (*Id.*)  On October 1, 2012, counsel for Plaintiff filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. No. 36.)  Defendant filed a Response to Plaintiff's Suggestion of Death, arguing that "[w]hether a case or controversy existed by [Plaintiff] against [Defendant] was extinguished upon [Plaintiff's] death."  (Doc. No. 37 at 1.)  Defendant further noted that Plaintiff "did not seek any

monetary damages but did seek injunctive relief" and that Plaintiff "would not be able to show that she will continue to suffer irreparable harm or that there is a real or immediate threat that she will be wronged again." (*Id.*)  Defendant therefore argued that the case should be dismissed. (*Id.*)

On December 3, 2012, the Court granted Plaintiff fourteen days to respond to Defendant's Response to Plaintiff's Suggestion Death. (Doc. No. 38.)  The Court warned that "[i]f Plaintiff fails to timely file a response, *the Court will dismiss the action without further notice.*" (*Id.* at 2 (emphasis added).)  By the date of this Order, nothing has been filed in response to Defendant's Response to Plaintiff's Suggestion of Death.  Therefore, the Court will dismiss the action.

Dismissal of this action is further supported by Federal Rule of Civil Procedure 25(a)(1) which provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the property.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, the 90-day period to file a motion for substitution of a proper plaintiff began with the Suggestion of Death filed on October 1, 2012, and expired on or about January 4, 2013. (Doc. No. 36.)  No motion for substitution of plaintiff has been filed; therefore, dismissal of the action is appropriate. *Escareno v. Carl Nolte Sohne GmbH & Co.,* 77 F.3d 407, 411 (11th Cir. 1996) ("Rule 25(a) permits the court to dismiss the case if a motion for substitution is not made within 90 days after death is suggestion upon the record.")

Based on the foregoing it is **ORDERED** and **ADJUDGED** that the action is **DISMISSED** without prejudice for failure to comply with the Court's Order dated December 3, 2012 and failure to comply with Federal Rule of Civil Procedure 25(a)(1).  The Clerk of the Court is directed to close

the case.

    **Done** and **Ordered** in Chambers, in Orlando, Florida on January   9  , 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished To:

Counsel of Record